UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOEL OTIS BULLOCK,
#432853,

    Petitioner,                                        Civil Action No. 20-CV-12474

vs.                                                  HON. BERNARD A. FRIEDMAN

O'BELL THOMAS WINN,

    Respondent.
_____/

**OPINION AND ORDER DISMISSING PETITIONER'S APPLICATION FOR A WRIT OF HABEAS CORPUS, DECLINING TO ISSUE A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO APPEAL IN FORMA PAUPERIS**

Petitioner in this matter has filed a pro se application for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. He challenges his sentence for his convictions for assault with intent to do great bodily harm less than murder, Mich. Comp. Laws § 750.84; felonious assault, Mich. Comp. Laws § 750.82; resisting and opposing a police officer, Mich. Comp. Laws § 750.81d(4); domestic violence, Mich. Comp. Laws § 750.81(2); and being a fourth felony habitual offender, Mich. Comp. Laws § 769.13. For the reasons stated below, the Court shall dismiss the petition for failure to state a claim upon which relief can be granted.

**I. Background**

Petitioner pled nolo contendere to the above charges in Oakland County Circuit Court. He was sentenced as a fourth felony habitual offender to one hundred and fifty-two months to fifty years on the assault with intent to do great bodily harm conviction, ten to fifteen years on the felonious assault and resisting police officer convictions, and ninety three days on the domestic violence conviction. His convictions were affirmed on appeal. *People v. Bullock*, No. 347591

(Mich. Ct. App. Mar. 28, 2019); lv. den. 931 N.W.2d 308 (Mich. 2019).

>Petitioner seeks a writ of habeas corpus on the following grounds:
>
>I. Because OV 1, OV 2, and OV 9 are offense-specific variables, the use [of] a weapon or lethal potential [of] a weapon and number of victims should not have counted toward the AWIGBH guideline and petitioner should be resentenced.
>
>II. The trial court did not have sufficient reasons to sentence petitioner at the top of the sentencing guidelines; the sentence is not properly individualized, and thus the sentence is unreasonable and disproportionate as imposed.
>
>III. Petitioner's resentencing should be before a different judge.

**II. Discussion**

The Court may dismiss a habeas petition that appears legally insufficient on its face. *See McFarland v. Scott*, 512 U.S. 849, 856 (1994); Rules Governing § 2254 Cases, Rule 4. Petitioner's claims in the present case do not state a claim for federal habeas relief.

Petitioner first claims that the trial court incorrectly scored several offense variables under the Michigan Sentencing Guidelines. This is a state law claim that is not a cognizable basis for federal habeas review. *See Tironi v. Birkett*, 252 F. App'x 724, 725 (6th Cir. 2007); *Howard v. White*, 76 F. App'x 52, 53 (6th Cir. 2003). Petitioner is not entitled to habeas relief on this claim.

Petitioner alleges in his second claim that the sentence at the top of the guidelines range was disproportionate because the judge failed to properly individualize the sentence in that he did not consider petitioner's mental illness as a mitigating factor. The United States Constitution does not require that sentences be proportionate. *See Harmelin v. Michigan*, 501 U.S. 957, 965 (1991). The Eighth Amendment forbids only extreme sentences that are grossly disproportionate to the crime. *See id.* at 1001. A sentence within the statutory maximum does not normally

constitute cruel and unusual punishment. *See Austin v. Jackson*, 213 F.3d 298, 302 (6th Cir. 2000). "[O]nly an extreme disparity between crime and sentence offends the Eighth Amendment." *United States v. Marks*, 209 F.3d 577, 583 (6th Cir. 2000). Petitioner acknowledges that his sentence did not exceed the statutory maximum.

Federal courts generally do not engage in a proportionality analysis except where the sentence imposed is death or life imprisonment without parole. *See United States v. Thomas*, 49 F.3d 253, 261 (6th Cir. 1995). Successful challenges to the proportionality of a particular sentence in non-capital cases are "exceedingly rare." *Rummel v. Estelle*, 445 U.S. 263, 272 (1980). Petitioner's sentences were within the statutory limits of being a fourth felony habitual offender, as the trial judge sentenced petitioner to less than the maximum sentence of life imprisonment. Further, the minimum sentences were by petitioner's own admission within the sentencing guidelines range.

Petitioner's related claim that the trial court failed to individualize his sentence by considering mitigating factors on his behalf also fails to state a claim upon which habeas relief can be granted because the U.S. Supreme Court has limited its holding concerning mitigating evidence to capital cases. *See Engle v. United States*, 26 F. App'x 394, 397 (6th Cir. 2001) (citing *Harmelin* for the rule that "[t]he Eighth Amendment does not require consideration of mitigating factors at sentencing in non-capital cases"). Because petitioner had no constitutional right to an individualized sentence, no constitutional error occurred if the state trial court failed to consider mitigating evidence on his behalf at sentencing. *See Hastings v. Yukins*, 194 F. Supp. 2d 659, 673 (E.D. Mich. 2002). Petitioner is not entitled to habeas relief on this claim.

Finally, because petitioner is not entitled to habeas relief on his first two claims, his third claim, which seeks resentencing before a different judge, fails as well

**III. Conclusion**

For the reasons stated above, the Court concludes that the petition in this matter must be dismissed for failure to state a claim for which habeas relief may be granted. Accordingly,

IT IS ORDERED that the petition in this matter is dismissed.

IT IS FURTHER ORDERED that no certificate of appealability shall issue because petitioner has failed to make a substantial showing that any of his constitutional rights have been violated.

IT IS FURTHER ORDERED that petitioner may not proceed on appeal in forma pauperis because no appeal in this matter could be taken in good faith.

s/Bernard A. Friedman
Bernard A. Friedman
Dated: February 9, 2021  Senior United States District Judge
Detroit, Michigan

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 9, 2021.

Joel Bullock, #432853  s/Johnetta M. Curry-Williams
SAGINAW CORRECTIONAL FACILITY  Case Manager
9625 PIERCE ROAD
FREELAND, MI 48623